pear, at her first stopping place, as the umpires of her destiny, although in no way named as consignees, shippers, charterers, or agents, augments the impression that a house so long and so openly occupied in the line of trade which this vessel seems to have been actively pursuing, became actors in the enterprise, on the understanding that it should result in a formulent infraction of our belligerent rights.

I am clear that the evidence convicts the vessel and cargo of the offence charged, and that the intention and attempt of the voyage were to enter the port of Charleston, in violation of the blockade there subsisting.

[This decree was affirmed, on appeal, by the circuit court, November 14, 1863. [Case No. 13,384.]

## Case No. 13,384.

### The STETTIN.

[Blatchf. Pr. Cas. 665.] [1]

Circuit Court, S. D. New York. Nov. 14, 1863.[2]

PRIZE—VIOLATION OF BLOCKADE.

Decree of the district court, condemning vessel and cargo for an attempt to violate the blockade, affirmed.

[Appeal from the district court of the United States for the Southern district of New York.]

In admiralty.

NELSON, Circuit Justice. This steamer, with a cargo consisting of tea, coffee, brandies, lead, shoes, etc., was captured on the 24th of May, 1862, while attempting to break the blockade of the port of Charleston, South Carolina, by the United States steamer Bienville.

The proofs are full that the vessel was not only near the mouth of the harbor of Charleston at the time of her capture, but that she was intending to enter it, with full knowledge of the blockade. The vessel has been appraised and delivered to the government, and most of the cargo has been sold. The court below decrees a condemnation of the vessel and cargo. The decree of the court below is affirmed. [Case No. 13,383.]

## Case No. 13,385.

### STETTINIUS v. MYER.

[4 Cranch, C. C. 349.] [3]

Circuit Court, District of Columbia. Nov. Term, 1833.

ASSUMPSIT—TRIAL—INDORSEMENTS—SET-OFF.

1. The plaintiff may, at the trial, after the jury is sworn, strike out the second and third

---

¹ [Reported by Samuel Blatchford, Esq.]
² [Affirming Case No. 13,383.]
³ [Reported by Hon. William Cranch, Chief Judge.]

---

blank indorsements of the note, and fill up the first blank indorsement to himself.

2. In an action for goods sold at auction, for cash, the defendant may set off the plaintiff's note.

Assumpsit [by Samuel Stettinius against B. F. Myer's administrator] for goods sold at auction. Terms cash. The defendant pleaded in offset a promissory note of the plaintiff to Davidson, and indorsed by him and two others, all in blank.

Mr. Morfit, for plaintiff, objected that the defendant's title to the note was not complete, and cited Day v. Lyon, 6 Har. & J. 140.

Mr. Marbury, for defendant, contended that he had now a right, after the jury was sworn, to strike out the blank indorsements of the subsequent indorsers and their names, and to fill up the blank indorsement of Davidson, the first indorser, so as to make the note payable to Myer. And of that opinion was the whole court.

Mr. Morfit then contended that, as the sale of the goods by the plaintiff to Myer was at auction, and the terms of sale cash, the defendant could not set off the note of the plaintiff. And of that opinion was THRUSTON, Circuit Judge.

But THE COURT (THRUSTON, Circuit Judge, contra) overruled the objection. THRUSTON, Circuit Judge, afterwards agreed with the court, upon seeing the case of Eland v. Karr, 1 East, 375.

## Case No. 13,386.

### STETTINIUS v. ORME.

[4 Cranch, C. C. 342.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

BAIL IN CIVIL CASE—AFFIDAVIT—SLANDER.

It is not a valid objection, to an affidavit to hold to bail in slander, that the plaintiff therein states that he is credibly informed and verily believes that the defendant spoke the words; the affidavit being positive that the plaintiff had sustained damage thereby to the amount of $5,000.

[This was an action for slander, by Samuel Stettinius against W. C. Orme.] Affidavit filed with the declaration before the writ was issued.

Mr. Wallach moved for leave to appear without bail, because the affidavit was not positive that the defendant spoke the words charged.

But the affidavit was deemed sufficient by THE COURT (THRUSTON, Circuit Judge, absent), although it only stated that the plaintiff was credibly informed and verily believed that the defendant spoke the words; the affidavit being positive that the plaintiff had sustained damage by the speaking of the words to the amount of $5,000.

---

¹ [Reported by Hon. William Cranch, Chief Judge.]